UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MIQUEA ISIDRO ACOSTA, | ) | CASE NO. 4:10 CV 885 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CORRECTIONS CORPORATION | ) | AND ORDER |
| OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff *pro se* Miquea Isidro Acosta filed this action under 42 U.S.C. §1983 against Corrections Corporation of America ("CCA"), Northeast Ohio Correctional Center ("NEOCC") Physician Aiad Toss, NEOCC Health Services Administrator Dana Orenic, NEOCC Physician's Assistant Daniel Hall, and NEOCC Warden R. Rushing. In the Complaint, the plaintiff alleges the defendants were deliberately indifferent to his serious medical needs. He seeks monetary damages and injunctive relief.

**Background**

Mr. Acosta is incarcerated as a federal inmate in NEOCC, a private prison owned and operated by CCA. He claims that since his arrival at NEOCC, he has suffered from a finger nail and toe nail infection. He alleges he was seen by Dr. Toss shortly after his arrival at the prison. He contends he was told by Dr. Toss that the infection would not be treated. He indicates his nails have become deformed and painful due to the untreated infection. He claims he was examined by Physician's Assistant Hall on October 20, 2009. He alleges Mr. Hall confirmed that the infection would not receive treatment. Mr. Acosta asserts that the defendants have been deliberately

indifferent to his serious medical needs.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, plaintiff's claims against CCA and Warden Rushing will be dismissed pursuant to section 1915(e).

The Complaint contains no allegations against CCA or Warden Rushing. Mr. Acosta states only that CCA was authorized to exercise supervision and control over the prison and its inmates. Although he provides no foundation for a claim against the Warden, it appears that he also may have been included in this action solely because he supervises NEOCC and its inmates. Respondeat superior is not a proper basis for liability under § 1983. *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The liability of supervisors cannot be based solely on the right to control employees, or "simple awareness of employees' misconduct." *Leary*, 349 F.3d at 903; *Bellamy*, 729 F.2d at 421. Furthermore, "a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

directly participated in it.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982)). "At a minimum a plaintiff must show that the [supervisor] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* There is no indication in the Complaint that either CCA or Warden Rushing directly participated in the medical decisions with regard to Mr. Acosta or in any way authorized or encouraged the actions of the other defendants.

## Conclusion

Accordingly, the claims against Corrections Corporation of America and Warden R. Rushing are dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2] This action shall proceed solely against Physician Aiad Toss, NEOCC Health Services Administrator Dana Orenic, and NEOCC Physician's Assistant Daniel Hall. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the defendants.

IT IS SO ORDERED.

Dated:  October 15, 2010  /s/  John R. Adams  
JOHN R. ADAMS  
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.